FERGUSON v. UNITED STATES.

(District Court, N. D. New York. November 7, 1894.)

BURGLARY OF POST OFFICE—MONEY FOUND ON BURGLAR — RIGHT OF UNITED STATES TO RETAIN.

A. pleaded guilty to the first court of an indictment in which he was charged with breaking into a post office and stealing postage stamps. The second count charged the stealing of $50.60 in money, which was taken at the time of the burglary. When he was arrested and searched, $113.96 was found on his person, but no part of it was ever identified as the money stolen. $50.60 of such money was retained by the post-office inspector, and A. gave his attorney an order on the inspector therefor. Afterwards the inspector delivered the $50.60 to the United States. *Held*, that the United States had no right to the money as against such attorney.

Action by Frank C. Ferguson against the United States to recover $50.60 taken by officers from the person of one James Atwood, who pleaded guilty to an indictment for burglary of a post office, and who gave plaintiff an order for such money.

On the night of July 15–16, 1893, the post office at Whitesboro, N. Y., was broken into by a burglar, and postage stamps to the amount of $320.61, money-order funds to the amount of $41.31, and postal funds to the amount of $9.29 taken therefrom. On July 17, 1893, one James Atwood was arrested in New York City for the burglary. At the time of his arrest postage stamps

of the value of $127.30 and $113.96 in money were found on Atwood's person, besides other articles of small value, all of which were turned over by the city detectives to J. E. Jacobs, a post-office inspector. The postmaster at Whitesboro identified certain envelopes found on Atwood's person, as the envelopes in which he had received the stamps from the post-office department, and Atwood acknowledged to him that he was the person who robbed the post office. The money found on Atwood's person could not be identified as the money stolen. On August 10, 1893, Jacobs paid to an attorney for Atwood, pursuant to an order of the United States circuit court commissioner before whom an examination was had, the sum of $63.36 of the moneys taken from Atwood, retaining in his hands the balance of $50.60, the amount of moneys stolen from the post office. Atwood was indicted at the January term, 1894, of the United States district court. The indictment contained two counts; the first alleged the stealing of the postage stamps, and the second the stealing of the money-order and postal funds. Atwood pleaded guilty to the first count of the indictment, and was sentenced on the 17th of January, 1894, to imprisonment in the Albany County Penitentiary, for the period of two years and six months. The plaintiff was retained by Atwood, as his counsel, before he pleaded to the indictment, and on the 19th of January, 1894, gave to the plaintiff an order directing the post-office inspector to pay the $50.60 to the plaintiff. The plaintiff presented this paper to said Jacobs, and made a demand upon him for said sum of $50.60, taken from Atwood and then in Jacobs's possession as such post-office inspector. Jacobs refused to pay the money to the plaintiff, and on the 30th day of January, 1894, he forwarded it to the postmaster general, together with the postage stamps and other articles taken from Atwood. The plaintiff brings this action to recover said sum of $50.60.

Frank C. Ferguson, pro se.
William F. Mackey, U. S. Asst. Dist. Atty.

COXE, District Judge. It was admitted at the trial, and the admission is reiterated in the defendant's brief, that the money found on Atwood was not identified as having been taken from the post office at Whitesboro. The court is, therefore, unable to discover by what right or title the defendant assumes to retain this money. There is not a particle of proof that it is the money that was stolen, or that the defendant holds it pursuant to any legal process. The defendant has it and proposes to keep it if it can. So much is clear, but the reasoning by which it is sought to justify this proceeding is not clear. The argument seems to be that, because the defendant has lost money through Atwood's burglary, it can reimburse itself, without process of law, from any property found in Atwood's possession. This will not do. The proposition pushed to its logical conclusion would enable the defendant to seize Atwood's watch or even his clothes, sell them, and apply the proceeds to the extinguishment of the debt. At the time of the assignment to the plaintiff the defendant had not even the possession of the money; it was in the hands of the inspector. The assignment transferred the money to the plaintiff and gave him a good title, certainly as against the defendant, who has no title at all. The plaintiff is entitled to judgment as demanded in the petition.