## UNITED STATES v. FERGUSON.

(Circuit Court of Appeals, Second Circuit. January 13, 1897.)

1. MONEY WRONGFULLY RETAINED BY FEDERAL OFFICER — CLAIM AGAINST UNITED STATES—STATUTE.

   Money taken from one arrested for larceny from a post office was retained by the inspector under the erroneous supposition that it was the money stolen. *Held*, that an order by the prisoner to the inspector to pay it to a third person was not an assignment of a claim against the United States, within Rev. St. § 3477, requiring such assignments to be made in the presence of witnesses, and after the allowance of the claim.

2. SAME—RIGHT OF ACTION—ASSIGNMENT OF.

   A written order to an officer to pay to a third party money belonging to the drawer, but retained by the officer without authority, is an assignment of the right of action to recover it.

3. REVIEW ON APPEAL—FINDINGS OF FACT.

   Findings of fact will not be reviewed where the evidence is not in the record.

**4. SAME—ASSIGNMENTS OF ERROR—SUFFICIENCY.**
    General assignments that the court erred in rendering judgment against the
    defendant, and in not rendering judgment in his favor, cannot be considered.

In Error to the District Court of the United States for the Northern
District of New York.

Action by Frank C. Ferguson against the United States.    Judg-
ment for plaintiff (64 Fed. 88), and defendant appeals.

Wm. A. Poucher, U. S. Atty.

Ford & Ferguson, for defendant in error.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

WALLACE, Circuit Judge.    The plaintiff in error was the defend-
ant in the court below, and seeks to review a judgment for the
plaintiff in a suit brought pursuant to the provisions of the act of
congress of March 3, 1887, entitled, "An act to provide for the bring-
ing of suits against the government of' the United States."    Con-
formably with section 7 of the act, the court below made and filed
a written opinion setting forth the specific findings of fact and the
conclusions of law involved in the case.    There is no bill of excep-
tions, and none of the evidence or rulings of the court upon the trial
are before us.    The assignments of error are eight in number.

The suit was brought to recover a small sum of money ($50.60) in
the possession of the government, which had been received by the
postmaster general of the United States from a post-office inspector.
It appears from the findings of fact that the post-office inspector
received the money, and afterwards forwarded it to the postmaster
general, under the following circumstances:    One Atwood had
burglariously entered a post office and stolen postage stamps of the
value of $320.61, and money to the amount of $50.60, belonging to
the government.    He was arrested the next day, and postage stamps
of the value of $127.30, and $113.96 in money, were found upon his
person.    The stamps and money were turned over by the arresting
officers to the post-office inspector in charge of the case.    The in-
spector, apparently assuming that the money found upon Atwood's
person was, to the extent of $50.60, the stolen money, kept that
amount in his possession pending the trial of Atwood.    In fact, it
was not the stolen money, or the proceeds of the stolen postage
stamps.    The plaintiff, a lawyer, was retained by Atwood to defend
him upon the trial, and Atwood gave him a written order, directed to
the inspector, for the payment of the $50.60 in the hands of the in-
spector.    The plaintiff presented this order to the inspector, but the
latter refused to pay over the money.    Thereafter Atwood was con-
victed of the burglary, and the inspector transmitted the money
to the postmaster general.    As a conclusion of law, the court found
that the plaintiff was entitled to judgment for the sum of $50.60,
and interest thereon from the time of the demand and refusal.

The first and second assignments of error allege that the court
erred in not finding that there was no legal and valid assignment
of the money from Atwood to the plaintiff.    It is argued in sup-
port of these assignments of error that the order given by Atwood

to the plaintiff was an assignment of a claim against the United States, and void by force of section 3477 of the Revised Statutes, which enacts that "all transfers and assignments made of any claim upon the United States * * * shall be absolutely null and void unless they are freely made and executed in the presence of at least two attesting witnesses, after the allowance of such a claim, the ascertainment of the amount due and the issuing of a warrant for the payment thereof." The obvious answer to this contention is that, when the money in the hands of the inspector was transferred by Atwood to the plaintiff, there was no claim against the United States. As was said in Hobbs v. McLean, 117 U. S. 567, 6 Sup. Ct. 870, the section "only refers to claims against the United States which can be presented by the claimant to some department or officer of the United States for payment, or may be prosecuted in the court of claims. The section simply forbids the assignment of such claims before their allowance." At the time when the order was given the inspector had no authority, under the laws of the United States, or no color of authority, to take into his possession and assume to retain money belonging to Atwood, even though Atwood had stolen an equivalent sum of government moneys from a post office. It is not pretended that any statute, or any regulation of the postmaster general made pursuant to a statute, could sanction a transaction of that kind. So long as the money was in the hands of the inspector, or of his superior officer, the postmaster general, there was no claim against the United States, and only one against the officers of the government, who had transcended their authority, and made themselves individually liable for the consequences. No claim accrued against the government until it ratified the acts of these officers by receiving and retaining the money which had been taken from Atwood. Until then, the government could have repudiated their acts, and there would not have been the slightest foundation for an action against it. The order given by Atwood to the plaintiff, being for money then in the adverse possession of another, was but a transfer of a chose in action. It, however, operated as an assignment of his cause of action for the recovery of the money. Hall v. Robinson, 2 N. Y. 293; Waldron v. Willard, 17 N. Y. 467; Sherman v. Elder, 24 N. Y. 381. It is now generally the doctrine in this country that a cause of action for a conversion is assignable. See 2 Am. & Eng. Enc. Law (2d Ed.) p. 1021.

The third, fourth, fifth, and sixth assignments of error impugn some of the findings of fact made by the court. There being no bill of exceptions, we can only review errors apparent upon the record. As the evidence upon the trial is not before us, these findings cannot be reviewed.

The seventh assignment alleges as error that the court erred in rendering a judgment against the defendant; and the eighth, that the court erred in not rendering a judgment in favor of the defendant. These assignments do not comply with the rules, as they fail to point out any particular error asserted and intended to be urged. Whether they mean that a wrong result was reached because the facts were

erroneously decided, or because the court erred in applying the law to the facts, can only be conjectured. Grape Creek Coal Co. v. Farmers' Loan & Trust Co., 12 C. C. A. 350, 63 Fed. 891; Oswego Tp. v. Travelers' Ins. Co., 17 C. C. A. 77, 70 Fed. 225; Doe v. Mining Co., 17 C. C. A. 190, 70 Fed. 455. As was said by the circuit court of appeals for the Seventh circuit in the first of these cases, "an assignment of error cannot be good if it is necessary to look beyond its terms to the brief for a specific statement of the question to be presented." The court, at its option, may notice a plain error not assigned. A careful examination of the brief which has been submitted for the plaintiff in error fails to disclose any such error.

The judgment should be affirmed.