### KENNEDY et al. v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. May 25, 1899.)

#### No. 103.

1. CUSTOMS DUTIES—ACTION FOR DRAWBACKS—PARTIES.
    Rev. St. § 3477, relating to assignments of claims against the United States, affects only perfected claims, and does not apply to a claim for drawbacks on re-exported goods, made in the name of one to whom the outward bill of lading is indorsed with authority to act for custom-house purposes, since the regulations of the treasury department provide that the person producing the bill of lading so indorsed shall be deemed the exporter for the purpose of making entry, and receiving the drawback or refund.

2. SAME—RIGHT TO DRAWBACK.
    No right of drawback arises under Rev. St. § 3019, when bags made of imported materials are leased to steamers for foreign voyages with the understanding that they are to be brought back again to the United States.

In Error to the Circuit Court of the United States for the Southern District of New York.

The plaintiffs in error brought their petition in the circuit court for the Southern district of New York against the United States under the act of March 3, 1887 (24 Stat. 505), to recover the amount of drawback claimed to be due by virtue of section 3019 of the Revised Statutes upon exported bags wholly manufactured in this country from imported jute upon which material duties had been paid. It was conceded that the cause of action was confined to shipments of bags made within six years prior to the date of the commencement of the suit. Section 3019 is as follows: "There shall be allowed on all articles wholly manufactured of materials imported, on which duties have been paid when exported, a drawback equal in amount to the duty paid on such materials, and no more, to be ascertained under such regulations as shall be prescribed by the secretary of the treasury. Ten per centum on the amount of all drawbacks so allowed shall, however, be retained for the use of the United States by the collectors paying such drawbacks respectively."

The facts were found by the circuit court as follows:

"First. That this action was brought on the 27th day of September, 1891, by the petitioners, Joseph S. Kennedy and William R. Moon, to recover certain drawbacks alleged to be due to the said petitioners from the defendant upon

certain bags manufactured of imported materials, which said bags were alleged to have been exported from time to time in the numbers, and by the vessels. and upon the dates set forth in a bill of particulars annexed to the petition of said petitioners, and which said exportations are therein alleged to have commenced on the 8th day of March, 1888, and to have continued at intervals to and including the 25th day of January, 1889.

"Second. That at all the times mentioned in the pleadings the firm of D. W. Manwaring were the owners of the bags in question, which said bags were manufactured of imported materials, upon which duties had been paid when so imported.

"Third. That the said firm of D. W. Manwaring leased the bags in question and all of them, to the various vessels mentioned in the bill of particulars herein, itself retaining the title to said bags, and put them upon such vessels; and that, after the bags went abroad, they all returned to this country after greater or less lengths of time; and that said D. W. Manwaring caused substantially the following indorsement to be written on each bill of lading:

" 'Kennedy & Moon are hereby authorized to collect drawback on within-mentioned bags.                                         D. W. Manwaring.
" 'F. D. R. Pell, Atty.'

"Fourth. That the inspectors of customs, pursuant to the regulations of the treasury department, certified upon the drawback entries the numbers of bags which they found to have been entered for exportation, which were the identical bags so as aforesaid laden on board the vessels, and taken with them upon their outward voyages from the port of New York.

"Fifth. That so much of the petitioners' claim as accrued between the 8th day of March, 1888, and 14th day of September, 1888, both inclusive, did not accrue within six years before the commencement of this action, which was the 27th day of September, 1894, as aforesaid.

"Sixth. That the petitioners, Joseph S. Kennedy and William R. Moon, never, either jointly or severally, were the owners of the bags in question.

"Seventh. That it was agreed between the firm of D. W. Manwaring and these petitioners that the latter should pay the fees for filing the several bills of lading of these bags, and proceeded to collect the drawbacks at their own cost, dividing any recovery that might be had on account thereof between the firm of D. W. Manwaring and the petitioners herein."

A regulation of the secretary of the treasury, which was made under the authority conferred by section 3019, provided as follows: "The person producing an outward bill of lading in his own name or duly indorsed to him by the party named in the bill of lading, authorizing the indorsee to act for customhouse purposes, shall be recognized as the exporter for the purpose of making entry and receiving the drawback or refund."

The circuit court rendered judgment in favor of the United States, and the plaintiffs brought a writ of error to review the judgment.

Albert Comstock, for plaintiffs in error.

Arthur M. King, for the United States.

Before WALLACE and SHIPMAN, Circuit Judges, and THOMAS, District Judge.

PER CURIAM. It is claimed by the United States that the petitioners were not entitled to maintain their suit because they were assignees of a claim against the United States, and because by virtue of section 3477 of the Revised Statutes assignments of such claims are void unless executed in the presence of at least two attesting witnesses, after the allowance of the claim, and the ascertainment of the amount due. The secretary of the treasury, in his general regulations in regard to drawbacks, recognized the indorsee of a bill of lading as the person entitled to receive the drawback. The claim to which section 3477 refers is a perfected claim against the gov-

ernment, while the indorsement of the bill of lading is the act by which, in case a claim arises, the indorsee is recognized as the person to whom payment is to be made. When the bill of lading was signed and indorsed, there was no claim against the United States, although one might arise in case the transactions should be completed, and an exportation of the bags should be actually made. U. S. v. Ferguson, 45 U. S. App. 457, 24 C. C. A. 1, and 78 Fed. 103. At the beginning of the history of this claim, or at its inception, the plaintiffs were the payees, and no subsequent assignment of it was necessary.

The next question is whether jute bags "leased" to a steamship company for the transportation of grain are exported within the meaning of section 3019. The exportation to which the statute refers is an exportation to a foreign country for use in such country or for sale. It is not necessary that the use should be permanent, for under the tariff act of 1883 (22 Stat. 517) bags returned empty, which, when exported, were filled with American products, were free of duty. By the statute of 1890 (26 Stat. 603) this provision was modified so that, if a drawback had been allowed upon exportation, the bags should pay a duty upon their return equal to the drawback. The provisions all imply that the bags are to be or have been subjected to a foreign, as distinguished from a domestic, use. The bags in this case were leased to a steamship company to be used for the transportation of grain, and to be returned, and were employed on the ship as a part of its appliances for the transportation of freight, and, like the barrows and trucks on board the ship, which are the property for the time of the shipowners, were neither exported nor imported, within the meaning of the tariff laws, but were a part of the furniture or equipment of the ship. The judgment of the circuit court is affirmed.