DEERING HARVESTER CO. v. KELLY et al.

(Circuit Court of Appeals, Sixth Circuit. July 13, 1900.)

No. 800.

1. AGREED STATEMENT OF FACTS—ADMISSION IN EVIDENCE.

Where parties agree to a statement of facts to which is attached, as an exhibit, the findings and decision of a referee thereon, made in pursuance of a reference by the parties, and the statement is signed as approved by counsel for both, an objection to the admission of the exhibit in evi-

dence is not tenable, especially as the bill of exceptions shows that the statement was offered by consent.

2. OBJECTION TO EVIDENCE—FAILURE TO ASSIGN GROUND—EFFECT.
    Where no reason or ground is assigned for an objection to evidence, and none is so manifest that the trial court would not fail to understand it, the objection is properly overruled.

3. ASSIGNMENT OF ERROR—PARTICULARITY—SUFFICIENCY.
    C. C. A. Rule 11 (31 C. C. A. cxlvi., 90 Fed. cxlvi.) requires that assignments of error shall set out separately and particularly each error asserted and intended to be urged. *Held*, that mere general complaints that judgment was rendered for the wrong party are not a compliance with the rule, and, in the absence of plain error in the record, will be disregarded.

4. SALE—DEFERRED PAYMENT—MARKETABLE TITLE—SUFFICIENCY.
    Where by the literal terms of a contract, on reference, by the buyer and seller of a license to use a patent, a deferred payment is to be made only in the event of the seller's being able to show a perfect legal title to the patent, but the context and the circumstances show that a good, sound title was meant, and the referee finds that the seller has a good marketable title, it is not error to render judgment for the seller in the amount of the payment; such finding showing a substantial compliance with the agreement for reference.

5. OVERRULING MOTION FOR NEW TRIAL—REVIEW ON WRIT OF ERROR.
    Error in overruling a motion for a new trial cannot be considered on writ of error.

In Error to the Circuit Court of the United States for the Southern District of Ohio.

Oscar T. Martin and Thomas C. Banning, for plaintiff.

James Johnson, Jr., for defendant.

Before LURTON, DAY, and SEVERENS, Circuit Judges.

SEVERENS, Circuit Judge. This case is brought here on writ of error. The plaintiff, Kelly, for himself and as trustee for certain companies who are named in the title of the action, brought suit in the court of common pleas of Clarke county, Ohio, to recover the sum of $5,000, part of the purchase price for licenses under certain patents sold by him and the companies for whom he stands as trustee to the Deering Harvester Company, the defendant below and plaintiff in error here. The suit was removed into the circuit court of the United States upon the petition of the Deering Harvester Company, where it was tried before the judge, without a jury, upon evidence with respect to which there was no dispute. It was proven by this evidence that the plaintiff and those for whom he acts as trustee granted licenses to use a large number of patents owned by them to the Deering Harvester Company, and that in consideration therefor the latter company agreed to pay the sum of $25,000, $20,-000 of which was to be paid down. The Deering Harvester Company having some doubt of the validity of the vendors' title to some of the patents, it was agreed that the payment of the remaining $5,000 should be deferred, to enable the vendors to demonstrate that they had a good title, or, if they had not, to enable them to perfect it; and six months were allowed for that purpose. A referee was agreed upon, to hear evidence and decide whether "the Deering Harvester Company had reasonable grounds to dispute the full legal

title." If it was shown that no reasonable ground for doubt existed, or if it was shown that such reasonable ground did exist, and the other parties should clear it up to the satisfaction of the referee, then the remaining $5,000 were to be paid; otherwise, not. So much of the agreement as related to that subject is here quoted:

"It is further agreed that the above-named licensors shall submit all papers showing titles to the patents above enumerated, at their earliest convenience, to said referee, and that the said Deering Harvester Company shall within two weeks thereafter submit its objections to said titles to the said referee, and, if the said referee then decides that the Deering Harvester Company has reasonable grounds to dispute the full legal title, the said licensors shall be given six (6) months in which to protect [perfect] said title or titles. If, within the time last specified, the said licensors perfect the titles to the satisfaction of the said referee, the said Deering Harvester Company shall pay to the said licensors, or their authorized representative, five thousand ($5,000) dollars. It is mutually understood that, if the said licensors fail to show a perfect legal title to the above patents within the prescribed six months, the said Deering Harvester Company shall not be required to pay the above sum."

A hearing was had before the referee, and he decided, in substance, as the court below held, that the title was not an absolutely perfect title, but was a good, marketable title. Thereupon the plaintiff demanded the payment of the $5,000, which was refused. The court (Thompson, J.) made and filed its findings of law, upon which it reached the conclusion that the plaintiff was entitled to recover the sum demanded, and entered judgment accordingly. The defendant moved for a new trial, which was denied, and the defendant excepted. A bill of exceptions was settled. Only two exceptions appear therein, one of which is thus stated, and it is all that appears concerning it:

"Counsel for the plaintiff offers the license (Exhibit A), and the award under consideration, and the decision of the referee (Exhibit B), which is received subject to the objection and exception of the defendant, the competency of which to be determined when the case is disposed of."

The other exception was to the overruling of the motion for a new trial. The only other exception appearing in the record is one following the entry of the general finding and judgment, in the following language:

"To which finding and judgment of the court, defendant excepts."

The assignment of errors is as follows:

"First, the court erred in permitting the plaintiff to offer in evidence the award of the referee (Exhibit B); second, the court erred in rendering judgment for the plaintiff upon the evidence: third, the court erred in rendering judgment for plaintiff upon the law of the case; fourth, the court erred in not rendering judgment in favor of the defendant upon the law and evidence; fifth, the court erred in overruling motion for new trial."

Upon this state of the record, there is almost nothing which we are authorized to review. The first assignment of error complains that "the court erred in permitting the plaintiff to offer in evidence the award of the referee (Exhibit B.)" But the bill of exceptions states that "the plaintiff, to maintain the issues on his part to be maintained, offered, with the consent of the defendant, the following agreed statement of facts as the evidence in the case, and the same was so submitted." Then follows "The Statement of Facts,"

in which is the following: "The paper hereto attached, marked 'Exhibit B,' embodies the findings and decisions of the referee." The statement of facts was signed "Approved" by counsel for both parties. After all this, we perceive no standing ground for an exception to the admission of evidence embodied in the agreed statement of facts. Moreover, there was no ground or reason assigned for the objection, and, if there was any, it certainly was not so manifest as that the court could not fail to understand it. In such case the objection and exception come to nothing, and the trial court commits no error in disregarding them. The rule is correctly stated in 8 Enc. Pl. & Prac. 163, where a great number of the cases are collected, thus:

"In examining a question as to whether the rulings of the court below are correct, the appellate court will not consider any other grounds of objection than those urged in the court below. The appellate court is not a forum in which to discuss new points, but merely a court of review to determine whether the rulings of the court below, as presented, were correct or not."

Indeed, we are ourselves unable to perceive any valid ground on which the objection could be supported.

The second, third, and fourth assignments of error are mere general complaints that the judgment was rendered for the wrong party. Such assignments are not such as the rule requires, and they present no question which we can recognize. The eleventh rule of this court (31 C. C. A. cxlvi., 90 Fed. cxlvi.) requires that the assignment "shall set out separately and particularly each error asserted and intended to be urged." "And errors not assigned by this rule will be disregarded, but the court at its option may notice a plain error not assigned." Railroad Co. v. Cutting, 16 C. C. A. 597, 68 Fed. 586; Doe v. Mining Co., 17 C. C. A. 190, 70 Fed. 455; U. S. v. Ferguson, 24 C. C. A. 1, 78 Fed. 103; Hart v. Bowen, 31 C. C. A. 31, 86 Fed. 877,—are some of the cases where similar assignments were held to be ineffective. How easy compliance with the rule would have been is shown by the brief of counsel for the plaintiff in error, wherein the case is put thus:

"The opinion of the circuit court was fundamentally wrong upon three propositions, namely: (1) The issue made was not, alone, what did the referee decide? but, what was submitted to him by the agreement of arbitration for decision? (2) A perfect legal title is more than a good title or a marketable title. (3) The referee did not find that the vendors had a marketable title. The assignments of error will be discussed in the argument upon the above propositions."

We have looked into the record sufficiently to see that there is no "plain error" in the rulings of the court below which would justify us in disregarding the rule. On the contrary, our impression is that the court did not err in its determination of the principal and decisive question in the case, which is whether, upon the proper construction of their agreement for arbitration, it was necessary for the plaintiff to show an absolutely perfect title, or whether, on the other hand, its requirements would be met by the finding of the referee that the title was free from any substantial defect. That the overruling of a motion for a new trial cannot be considered on a writ of error has been so often decided that it is unnecessary to give the assignment relating to it special attention. The judgment must be affirmed.