## UNITED STATES v. PARKER et al.

(Circuit Court, S. D. New York. December 11, 1908.)

ARREST (§ 71*)—MONEY TAKEN FROM PRISONER—POWER OF COURT TO ORDER RETURN.

> Where money taken from a prisoner on his arrest, and which was his property, after being used by the government as an exhibit on his trial, was by order of the court placed in the custody of the clerk, it remains under the control of the court, which may, on motion, order it delivered in accordance with the directions of the owner.

[Ed. Note.—For other cases, see Arrest, Cent. Dig. § 175; Dec. Dig. § 71.*]

Henry L. Stimson, U. S. Atty.

Marx, Houghton & Byrne, for defendant Parker.

WARD, Circuit Judge. George Cheevers and Dennis Gayney were arrested by a detective of the police force while engaged in a green-goods game. The detective took from Cheevers, or from both Cheevers and Gayney, $1,669 of genuine money. These men were indicted under the names of George Parker and John C. Tucker, and at the trial in the Circuit Court of the United States for the Southern District of New York the government used this money as an exhibit. The defendants were convicted and sentenced, and after the sentence the trial court ordered the money to be turned over to the custody of the clerk. The case has come to an end, and the defendants are now serving their terms in Sing Sing Prison. Cheevers, on the day after his arrest, made an assignment of this sum to one Marx, who was his attorney, and after he had been sent to prison he gave his wife, Edith Cheevers, an order for it upon the clerk of the court. There has been submitted to me an affidavit by Gayney that the money was Cheevers', and Marx and Mrs. Cheevers have agreed between them that $500 should be paid to Mrs. Cheevers and the balance to Mr. Marx. Neither the United States nor any one else makes any claim to the fund.

The district attorney objects that the custody of the fund should not be disposed of upon motion, but that a suit against the United States should be brought under the Tucker act (Act March 3, 1887, c. 359, 24 Stat. 505 [U. S. Comp. St. 1901, p. 752]), as was done in the case of Ferguson v. United States (D. C.) 64 Fed. 88, affirmed 78 Fed. 103, 24 C. C. A. 1. In that case the moneys which had been taken from the prisoner were in the possession of the Postmaster General, so that a

suit against the United States was proper. In the present case, on the contrary, the moneys are in the possession of the clerk of the Circuit Court, and that court has as full control over it as it would have over any other exhibit in its possession which had been used in a trial. I discover no reason whatever why the court should not require the money to be paid over by the clerk in accordance with the orders of its owner.

An order may be submitted, directing the clerk to pay $500 to Edith Cheevers and the balance to Joel M. Marx.