**Howard HILDEBRANDT, Plaintiff,**

v.

**T. M. HARRIS, Jr., and Thomas J. Mul-
doon, sued herein as T. J. Muldow,
Defendants.**

United States District Court
S. D. New York.

April 25, 1955.

Howard Hildebrandt, plaintiff, per se.

J. Edward Lumbard, U. S. Atty., New
York City, by Morton S. Robson, New
York City, of counsel for defendants.

WEINFELD, District Judge.

The defendants, two Special Agents
of the Federal Bureau of Investigation,
move for summary judgment in this ac-
tion by plaintiff to recover $1,300 re-
ceived by them from one Gloria Fazzina,
allegedly an employee of the plaintiff.
The complaint alleges that the money
was the lawful property of the plaintiff;
that the defendants had knowledge that
plaintiff claimed said funds.

It appears that the plaintiff and an-
other were convicted upon their pleas
of guilty to the robbery of $100,000 from

a credit union at the United States Naval Air Base at Quonset, Rhode Island. He is presently serving a 20-year sentence in the federal penitentiary at Alcatraz, California. Subsequent to plaintiff's conviction, so the moving affidavit alleges, his employee communicated with the defendants advising them that she had received $1,300 from the plaintiff which she believed represented part of the proceeds of the holdup. Following an interview with an Assistant United States Attorney, the money was surrendered to these defendants and subsequently turned over by the New York office to the Boston office of the Federal Bureau of Investigation which held this sum together with approximately $35,000 which had been recovered from the plaintiff and his confederate. Thereafter the Travelers Indemnity Company, which had insured the credit union against theft, filed a petition in the United States District Court for the District of Rhode Island for restitution of the said funds and an order was entered directing that $37,-817.46, which included the $1,300 received from Miss Fazzina, be delivered by the Federal Bureau of Investigation to the said Indemnity Company, which order was complied with.[1]

The defendants contend that, acting in their official capacity, they received the funds from Gloria Fazzina as evidence and held them in the exact form in which they were received; that the funds were the property of the plaintiff and that the order of the District Court of Rhode Island effectively foreclosed any right of plaintiff to the funds and exonerated defendants from liability. The plaintiff denies that Miss Fazzina told the agents that the money represented the proceeds of the holdup and on the contrary asserts that it was obtained from her by misrepresentation.

■ We pass for the moment the contention that the money was received for use as evidence despite the fact that it was turned over three months after the plaintiff's plea of guilty. Nowhere does it appear that the plaintiff was made a party in the Rhode Island proceeding, or that he was given notice of its pendency or served with any process in any action. Indeed, to the contrary, it appears to be conceded that no notice of any kind was given to him. The plaintiff's contention that the $1,300 were not the proceeds of the robbery but his lawful property, and that the defendants knew it at the time the property was seized, presents an issue of fact which may not be disposed of on a motion for summary judgment.

■ That the plaintiff has been found guilty of a crime of violence does not deprive him of his constitutional right to due process. His property may not be taken from him in violation of his rights. While the surety company has a cause of action against the plaintiff for the loss it incurred in making payment under its policy, it can secure redress only by suit or other legal proceeding wherein the issue of the adverse claim of the plaintiff with respect to the $1,300 is adjudicated in accordance with procedural requirements. It cannot reimburse itself from any property claimed to belong to him without due process of law. See Ferguson v. United States, D.C.N.D.N.Y., 64 F. 88, affirmed, 78 F. 103.

The motion is denied.

This shall constitute the Court's order.

---

[1]. The order appears to have been entered in the criminal action against plaintiff and his co-defendant. However, the answer of the defendants herein refers to a trustee in bankruptcy having been appointed in an involuntary proceeding filed against plaintiff, and states he was adjudged a bankrupt; but the moving and opposing papers are entirely silent on this subject. If in fact the plaintiff has been adjudged bankrupt other issues are presented.