**UNITED STATES of America**
v.
**Paul L. REEFER.**
**Cr. No. 64–177.**

United States District Court
W. D. Pennsylvania.
July 9, 1965.

Gustave Diamond, U. S. Atty., by Stanley Greenfield, Asst. U. S. Atty., Pittsburgh, Pa., for United States of America.

Joseph F. Weis, Jr., of Weis & Weis, Pittsburgh, Pa., for Transamerica Ins. Co.

Paul L. Reefer, per se.

MARSH, District Judge.

From the testimony heard at a non-jury hearing, the court finds the facts and makes conclusions of law.

Paul L. Reefer filed an action at the criminal number above mentioned, which he calls a "Writ of Replevin", requesting the return to him of the sum of $885.25. Treating this pleading as a turnover petition, a date for hearing was fixed and all interested parties notified.

Reefer is a citizen of Pennsylvania and is presently incarcerated in the Federal Penitentiary at Lewisburg, Pennsylvania, pursuant to a judgment of sentence imposed at the above entitled criminal action. His residence before his incarceration was in Pittsburgh, Pennsylvania.

Transamerica Insurance Company is a California corporation, having its principal offices in California.

On April 22, 1964, the insurance company was surety on a certain bond in favor of the Punxsutawney National Bank, Dayton, Pennsylvania, as obligee, including certain clauses providing for coverage in the event of robbery and holdup.

On April 22, 1964, Paul L. Reefer robbed the Dayton Branch of the Punxsutawney National Bank, Dayton, Pennsylvania, and stole therefrom $18,500 in cash and currency, for which crime he was apprehended and convicted on his plea of guilty.

Subsequently, the sum of $18,500 was paid to the bank by the insurance company by virtue of the aforementioned bond.

Thereafter, the bank assigned to the insurance company all its right, claim and interest to the sum of $18,500.

At the time of his arrest, Reefer had in his possession the sum of $885.25. This money was taken from him by an agent or agents of the Federal Bureau of Investigation for evidential purposes, and has since been retained in the possession of an agent of the Bureau as bailee. Cf. Van Buskirk v. United States, 206 F. Supp. 553, 558 (E.D.Tenn.), citing Hildebrandt v. Harris, 130 F.Supp. 1 (S.D.N.

Y.); Jones v. Federal Bureau of Investigation, 139 F.Supp. 38 (D.Md.).

On May 12, 1964, Reefer signed a judgment note in the sum of $18,500 in favor of Transamerica Insurance Company. His signature to this note was not procured by any false representations. Judgment was duly confessed on this note on May 19, 1964, and entered in the Court of Common Pleas of Allegheny County at docket entry D.S.B. 3588 July Term, 1964.

No payment on account of said judgment has been made by Reefer and no restitution has been made by him of any of the sum stolen from the Punxsutawney National Bank.

On June 28, 1965, Transamerica Insurance Company filed a Petition for Reclamation to have turned over to it all sums presently in the hands of the F.B.I. which it secured in the course of investigation and conclusion of the case involving the robbery at the Punxsutawney National Bank.

The sum of $885.25 taken from the person of Paul L. Reefer at the time of his arrest by an agent or agents of the Federal Bureau of Investigation was stolen by Reefer in the course of the robbery of the Punxsutawney National Bank.

Although this proceeding is ancillary to Criminal No. 64–177, it is in the nature of a civil suit for return of money retained by an agent or agents of the Federal Bureau of Investigation and which money Reefer claims is his own personal fund. Rule 1, Fed.R.Civ.P., 28 U.S.C.A., governs procedure in the United States District Court in all suits of a civil nature whether cognizable as actions at law or in equity with certain irrelevant exceptions. The rules are to be construed to secure the just, speedy and inexpensive determination of every action.

■ Since no agent of the Federal Bureau of Investigation has asserted any claim or interest in the retained money and some agent is in effect acting only as a bailee or as a stakeholder between Paul L. Reefer and the Transamerica Insurance Company, and in view of the wording of Rule 1 to provide construction of the rules to secure just, speedy and inexpensive determination of every action, these actions by Reefer and the insurance company shall be treated as if they were claims in an action of interpleader wherein an agent of the F.B.I. is the stakeholder. Title 28 U.S.C.A., § 1335, provides for actions of interpleader to be filed in the district court in civil actions involving diverse citizenship wherein the amount involved is $500 or more.

■ In an action of interpleader the court is to apply equitable standards.

■ Transamerica Insurance Company, having been deprived of the sum of $18,500 by the action of Paul L. Reefer, is entitled to reimbursement to the extent of that sum by Reefer. Since the court finds that the sum of $885.25 was part of the proceeds of the bank robbery, Transamerica Insurance Company is legally entitled to said sum of money.

■ Even if we had found that the aforesaid sum of $885.25 was not proceeds of the bank robbery, but was in fact currency secured by Reefer from other sources as he testified, justice would, nonetheless, demand that the sum be paid to the insurance company because of its right to reimbursement and, further, because of the fact that it would be free to garnish this sum of money in the hands of an agent of the Federal Bureau of Investigation before he paid the same over to Paul L. Reefer. This procedure would involve circuity of action, unnecessary expense both to the insurance company and the United States, and would be in violation of the spirit of Rule 1 providing for the just, speedy and inexpensive determination of the issues in every action. In this alternative situation, we conclude that the insurance company is entitled to the sum of $885.25, Paul L. Reefer having no superior equities.

An appropriate order will be entered.