324

Richard MONTGOMERY

v.

Jesse DOBBS et al.

Civ. A. No. SA69CA325.

United States District Court,
W. D. Texas,
San Antonio Division.

Feb. 27, 1970.

Richard Montgomery, pro se.

Henry Valdespino, Asst. U. S. Atty., for defendant.

## ORDER

SPEARS, Chief Judge.

On this the 27th day of February, 1970 came on to be considered plaintiff's "complaint for the return of illegally held money". Plaintiff contends that eight (8) one hundred dollar bills and three (3) fifty dollar bills are his personal property and that said money is in the possession of the United States Marshal's Office. Plaintiff further contends that said money be returned to him, as it was excluded as evidence at plaintiff's trial, since it was not part of the money from the bank robbery.

It appears that on February 2, 1966, plaintiff was convicted and sentenced to eighteen (18) years imprisonment under the provisions of Title 18 U.S.C. Section 4208(a) (2). The offense committed by the plaintiff herein, in Criminal No. 22921, was in violation of Title 18 U.S.C. Section 2113(d). It further appears that the American State Bank, which was robbed by the plaintiff, had a banker's bond issued by the National Surety Corporation. Pursuant to said bond, National Surety Corporation indemnified the American State Bank the sum of SIXTEEN THOUSAND FOUR HUNDRED SEVENTY-ONE AND FORTY-FIVE/100s DOLLARS ($16,471.45). Thereafter, on June 7, 1966, National Surety Corporation obtained a Default Judgment against RICHARD MONTGOMERY and WILLIAM FRANK BUCKELEW, jointly and severally, for the restitution of the amount paid over unto the American State Bank. It further appears that on November 7, 1966, National Surety Corporation received TEN THOUSAND EIGHT HUNDRED TEN AND NO/100s DOLLARS ($10,810.00) as credit against the Judgment it obtained against Richard Montgomery and William Frank Buckelew. Said money was sent to National Surety Corporation by the United States Marshal, at the direction of the United States Attorney.

Defendant's "motion to dismiss complaint" indicates that the decision in United States v. Reefer, 243 F.Supp. 110 (W.D.Penn.1965) is applicable. In the *Reefer* case, the prisoner sued for return to him of the money taken from him at time of arrest for bank robbery. However, the surety on bond covering the bank's loss was granted the prisoner's money as reimbursement for its indemnification of the robbery to the bank. Further, the Court stated: "Even if we had found that the aforesaid sum of $885.25 was not proceeds of the bank robbery, but was in fact currency secured by Reefer from other sources as he testified, justice would nonetheless, demand that the sum be paid to the insurance company because of its right to reimbursement * * *".

In view of the foregoing, it is

Ordered that plaintiff's complaint be, and it is hereby, in all things dismissed.