UNITED STATES of America

v.

Philip HAUSHALTER.

PARKVALE SAVINGS ASSOCIATION,
a Pennsylvania corporation

v.

Philip HAUSHALTER.

Civ. A. Nos. 68–1100, 69–755.

United States District Court,
W. D. Pennsylvania.

Dec. 15, 1970.

James A. Ashton, Pittsburgh, Pa., for Philip Haushalter.

Richard L. Thornburgh, U. S. Atty., Howard V. Heck, Pittsburgh, Pa., for Parkvale and Bonding Co.

OPINION

GERALD J. WEBER, District Judge.

On October 2, 1967, the Park Federal Savings and Loan Association was robbed of approximately $36,250. On November 22, 1967, Philip Haushalter

was arrested and charged with a robbery at Criminal Action No. 67–286 in this court. He was convicted of this offense and the conviction was sustained after an appeal to the Court of Appeals, 3 Cir., 427 F.2d 1366. After Haushalter's arrest, FBI agents seized the contents of a safety deposit box in Los Angeles, California, which contained $10,000 in currency. (The actual value of the currency turned out to be $9,980 because of the presence of a $20 counterfeit bill among the currency seized). Haushalter admits that he was the lessee of the box and claims ownership of the money contained therein. None of the currency contained in the box can be identified as proceeds of the robbery of the Park Savings and Loan Association.

On September 18, 1968, Haushalter filed a petition in this court for reclamation of the funds seized in the criminal investigation which case has been assigned the docket number—Civil Action No. 68–1100. On September 20, 1968, Park Federal Savings and Loan Association through its insurer, United States Fidelity and Guaranty Company, also filed a petition for reclamation of the same funds. On March 5, 1969, this member of the court dismissed both petitions, without prejudice to their renewal, pending the disposition of the criminal proceedings against Haushalter at Criminal Action No. 67–286. On July 3, 1969, James A. Ashton, as assignee of the right of Haushalter to the funds, renewed the claim for reclamation. All these proceedings were under docket number Civil Action No. 68–1100. Park Federal Savings and Loan Association with United States Fidelity and Guaranty Company filed an answer to the renewal petition and requested that the rights of the funds be determined after a full hearing of the claim of Parkvale Savings Association v. Philip Haushalter, Civil Action No. 69–755.

In May of 1969, Parkvale Savings Association (successor to Park Savings and Loan Association) filed a civil suit in trespass in the Court of Common Pleas of Allegheny County, Pennsylvania, against Haushalter for recovery of $36,250, the amount unlawfully taken from it in the robbery of October 2, 1967, which was accompanied by a writ of fraudulent debtor's attachment naming Ian MacLennan, FBI Agent-in-Charge, as Garnishee. This Common Pleas Court action was removed to Federal Court by the United States as a stakeholder. The removed action was assigned Civil Action No. 69–755. Because the funds could not be identified as the proceeds of the robbery, the court ordered the FBI to deposit the currency in an interest bearing account. The United States disclaims all interest in the funds except for its position as stakeholder subject to its disposition by order of this court.

In the removed action at Civil Action No. 69–755, Parkvale also claimed that the money was the proceeds of its robbery and that, therefore, Haushalter has no right to ownership therein. We find that this is a question that we need not decide because of the following circumstances:

The civil suit filed by Parkvale and United States Fidelity and Guaranty Company in Common Pleas Court, and subsequently removed to this court, was accompanied by a praecipe for a writ of fraudulent debtor's attachment directing the Sheriff of Allegheny County to attach the sum of $10,000 then in the hands of Ian MacLennan, Agent-in-Charge, Pittsburgh Office, Federal Bureau of Investigation which Haushalter claimed as his property. The Writ was served on Ian MacLennan as garnishee on May 27, 1969, and he filed his report as such garnishee. The garnishee's report admitted custody of the said money and further reported that a petition for reclamation of said property had been filed by Philip Haushalter. The United States has disclaimed any ownership of this fund and waives immunity to such attachment. The plaintiff, Parkvale Savings Association, filed a bond in twice the amount of the claim and demanded that the Federal Bureau of Investigation deliver possession and custo-

dy of the stake of $9,980, plus accrued interest.

The United States acknowledges that the money recovered is held merely as a stake and waives any sovereign immunity by reasons of the indemnifying provisions of the bond filed by Parkvale Savings Association in support of the attachment.

It appears that our only remaining question is whether or not Parkvale Savings Association has properly brought an action of debt against Philip Haushalter and has properly secured jurisdiction in rem against the fund by the use of the Pennsylvania Fraudulent Debtor's Attachment proceeding.

 We are not concerned at this time with the claims of Haushalter or Ashton to ownership of the fund, except as they give a basis to Parkvale's civil action of debt. It appears to be the general rule that in those jurisdictions where the statutes provide for attachment in actions of debt arising from contracts, express or implied, courts have generally held that where moneys or goods have been embezzled, stolen or converted, the injured person may waive the tort and sue on an implied contract. See Anno. 4 A.L.R. 832. It appears that a suit ex contractu would lie in such situation and support the issuance of a writ of foreign attachment in Pennsylvania as has been established by very early cases. Mechanic's National Bank v. Miner's Bank, 13 Wkly.Notes Cas., Pa., 236 [Phila. Co., 1883]; Hanson v. Watson, 13 Wkly. Notes Cas., Pa., 534 [1883]; O'Neill v. Brown, 17 Pa.Dist.R. 1062 [York Co., 1908].

Commencement of suits for debt by attachment was established by the Act of 17 March 1869, P.L. 8 [12 P.S. § 2711], now superceded by Pennsylvania Rule of Civil Procedure 1285 et seq., 12 P.S.Appendix. O'Neill v. Brown, cit. supra, held that the obligation of a thief to return money stolen is a debt for which attachment lies under the Act of 1869. It is immaterial whether or not the property attached was the proceeds of a robbery since it is the debtor's claim of ownership of the property which gives support to the in rem jurisdiction of the Court. See United States v. Reefer, 243 F.Supp. 110 [W.D.Pa., 1965] in which the Court treated the claim of the surety to funds found in the possession of the bank robber to be a claim in the nature of interpleader in the replevin action filed by the convicted prisoner for the return of the funds so taken. Similarly, holding that the identification of the funds as the proof of the robbery to be immaterial, the court allowed the surety of the bank to execute upon its default a judgment against the robber on funds seized from the robber at the time of his arrest. Montgomery v. Dobbs, 311 F.Supp. 324 [W.D.Tex., 1970].

The defendant does not attack the regularity or sufficiency of the attachment and garnishment procedure employed here. He rather relies upon the possession and ownership of the moneys and the failure of the Parkvale Savings Association to identify the specific funds found in his constructive possession. We believe these to be immaterial.

 We, therefore, conclude that the action of Parkvale Savings Association v. Philip Haushalter brought at Civil Action No. 69-755 should proceed to trial and final determination and that the funds in the hands of the Government should be turned over to the plaintiff subject to the terms of its bond to abide the final determination of the issue.

 We have also here the claim by James Ashton, Esq. that on September 13, 1968, prior to his conviction, Haushalter made a valid assignment of these funds to Ashton. We believe that if Ashton wishes to pursue his alleged rights in this matter he should proceed by proper action under the Pennsylvania Rules of Civil Procedure governing fraudulent debtor's attachment to assert his claim in that case.

An appropriate order will be entered.

172

## ORDER

And now this 15th day of December, 1970, it is ordered that Petitions of Philip Haushalter, Parkvale Savings Association and James A. Ashton, Esq., in Civil Action No. 68–1100 for reclamation be dismissed, and The United States of America shall turn over to Parkvale Savings Association, plaintiff in Civil Action No. 69–755, the proceeds of the funds which it holds under Order of Court dated August 8, 1968, subject to the Bond of Parkvale Savings Association filed in said case, and Defendant shall file its Response pleading to the Complaint of Plaintiff in that case.