## S. E. MELTON v. THE STATE.

No. 11066.   Delivered November 9, 1927.
Rehearing granted October 24, 1928.

440

The opinion states the case.

*Veckers, Campbell & Schenck* and *Bledsae & Crenshaw,* for appellant.

*Sam. D. Stinson,* State's Attorney and *Robt. M. Lyles,* Assistant State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is transporting intoxicating liquor; the punishment confinement in the penitentiary for one year.

Appellant challenges the sufficiency of the evidence. We are of the opinion that the evidence is sufficient to support the verdict of the jury and the judgment rendered thereon.

Briefly, the testimony introduced by the state was that three kegs of whiskey were found by officers near the town of Lubbock; that these kegs were concealed in some tumble-weeds; that the officers waited near the kegs of whiskey; that several persons came by at different times and loaded the kegs in their vehicles and started away with them, but that in each instance the officers required them to return the kegs to the place where they had been concealed; that about ten o'clock at night appellant and one Reed drove in an automobile to the point where the kegs of whiskey were concealed, and that they stopped the car and appellant got out of the car and carried a keg of the whiskey over and put it in the car; that Reed got a second keg of whiskey and started to the car with it; that when appellant went back to get the last keg the officers made known to the parties their presence; that upon the presence of the officers being made known to the parties, Reed ran to the car and attempted to start it while appellant ran down the road; that the officers searched the car and found twelve half-gallon fruit jars of whiskey and three one-gallon jars of whiskey; that at the time appellant and Reed were apprehended by the officers, Reed said to appellant, "You damn son of a b——, see what you've got me into"; that appellant replied, "I didn't get you into it, you got me into it, its your car"; that shortly prior to the time that appellant and Reed came to the point where the whiskey was hidden they had driven up the road in view of the officers and remained for about thirty minutes; and had then driven to the point where the whiskey was concealed; that there were no fruit jars of whiskey in the vicinity of the kegs of whiskey, but that said fruit jars were found in the car immediately after the apprehension of appellant and Reed.

Appellant defended on the ground that he intended to secure some of the whiskey for the purpose of taking it to his home for the use

of his wife, who was sick, his contention being that on account of her physical condition his wife required whiskey as a medicine. Appellant testified that he had learned from parties in the town of Lubbock that the whiskey was concealed near the road a short distance from town. He further testified that Reed called him to his (Reed's) car and took him to the point where the whiskey was concealed, and that before he and Reed left Lubbock Reed did not tell him where he was going.

Appellant reserved numerous exceptions to the court's charge. We have carefully examined the charge of the court in connection with the exceptions and are of the opinion that said exceptions were not well taken.

By bill of exception Number 1, appellant complains of the action of the trial court in admitting over his objection the testimony of the officers touching the results of the search of the car. The bill of exception shows that the officers making the search were not armed with a search warrant. Appellant's bill of exception is predicated on Articles 4a and 727a of the Code of Criminal Procedure, wherein the search of the private residence, actual place of habitation, place of business, person or personal possessions of any person without first having obtained a search warrant as required by law is penalized, and the evidence obtained in violation of the constitution and laws of the State of Texas or of the United States of America is expressly declared to be inadmissible in the trial of any criminal case. Appellant's contention cannot be sustained. One who commits a felony in the presence or view of an officer may be arrested without a warrant. Article 212, C. C. P. 1925; Moore v. State, 294 S. W. 550. The arrest of appellant being justified, the search of the car was legal and the evidence objected to was properly admitted by the court. We quote from the case of Agnello v. United States, 269 U. S. 20, 46 S. Ct. 4, 70 L. Ed. 145, as follows:

"The right without a search warrant contemporaneously to search persons lawfully arrested while committing crime, and to search the place where the arrest is made in order to find and seize things connected with the crime as its fruits, or as the means by which it was committed, as well as weapons and other things to effect an escape from custody is not to be doubted. See Carroll v. United States, 267 U. S. 132, 158, 45 S. Ct. 280; 69 L. Ed. 543, 553, 39 A. L. R. 790; Weeks v. United States, 232 U. S. 383, 392, 34 S. Ct. 341, 58 L. Ed. 652, 655, L. R. A. 1915 B, 834, Ann. Cas. 1915 C, 1177.

See also Moore v. State, 294 S. W. 550.

By bill of exception Number 4, appellant complains of the action of the court in admitting over his objection the testimony of the officers as to the statements made by appellant and Reed at the time of their apprehension and at the time of the search of the automobile. Appellant objected to the statements on the ground that he was under arrest at the time the statements were made, and that the requirements of the statute relative to confessions had not been complied with. The officers were permitted by the court to testify that when they got around behind the car Reed said to appellant, "You damn s—— of a b——, see what you've got me into," and that appellant replied, "I didn't get you into it, you got me into it, it is your car." We are of the opinion that the statements were admissible as res gestae. It follows that it is immaterial whether appellant was under arrest when the statements were made.

There are several other bills of exception in the record which we will not undertake to discuss in detail. However, we have carefully examined such bills and find that they manifest no reversible error.

Finding no error, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—In a forceful motion for rehearing and oral argument, appellant insists that prejudicial error is revealed by Bill of Exceptions No. 7 which was not discussed in the original opinion. From that bill it is made apparent that appellant, while testifying in his own behalf, gave testimony to the effect that he had been a married man for many years; that his wife had been a sufferer and had undergone four major operations; that her health had been bad for years; that there was a necessity for the use by her of whiskey at all times; that physicians had frequently prescribed the use of whiskey for her; that she had been informed by a doctor that corn whiskey would suffice if a better article could not be obtained. It appears that the trial took place some eight months subsequent to the date of the transaction upon which the prosecution rests. While the appellant was testifying as a witness, he was asked by his counsel the following questions:

"Q. What is your wife's nervous condition, if you know?

"A. (Counsel for State) : We have sat and listened——.

"Court: Objection is sustained to any further examination along this line."

Exception was immediately reserved and the jury retired in order that the further testimony, which was desired, might be ascertained by the court.

"Q. (Appellant's Counsel): State if she is able physically or otherwise, to attend this trial.

"A. No, sir.

"Counsel for State: That is an opinion of his.

"Court: Sustained.

"Q. (Counsel for appellant): State if she is able, physically or otherwise, to attend this trial?

"A. No, sir; she is not.

"Q. (By Counsel for State): Is she now confined to her bed?

"A. Most of the time she is able to be up but not able to do cooking or sweeping.

"Q. Is she confined in bed at this time?

"A. About half of the day.

"Q. Has she been in bed today or do you know?

"A. Yes, sir.

"Q. Has any doctor been waiting on her today?

"A. No, sir.

"Q. How long has it been since you had a doctor with her?

"A. I don't know; it has not been very long.

"Q. Ten days?

"A. Maybe a week."

Upon recalling the jury, the foregoing questions and answers were offered in evidence and excluded by the court upon objection by the State. The nature of the objection is not disclosed. In approving the bill, the court authorized the reproduction of the questions and answers from the stenographer's notes.

In the opinion of the writer, the ruling was wrong, and in the light of the peculiar facts of the case, the exclusion of the proffered testimony was prejudicial. The appellant's defense was two-fold: first, that he was arrested before he had ever transported any whiskey; and second, that knowing where whiskey could be found, he went to the place for the purpose of obtaining some for his wife for medicinal purposes. Upon that issue, the conflict was resolved against him and in favor of the State. According to the State's testimony, the transportation had begun before his arrest, and that issue was resolved against the appellant by the jury. There re-

mained, therefore, but the single question of his purpose in removing the whiskey, that is, whether as medicine for his wife. In support of his theory, he testified to the condition of his wife's health at various times, and from his testimony, it was manifest that she was a most material witness in his behalf upon the vital issue raised by his testimony. She was not present at the trial. His right to explain her absence by relevant testimony is not open to question. The fact that at the time of the trial she was not in a condition to attend it seems obviously an appropriate fact explanatory of her absence. That the failure to produce testimony available to the accused as a circumstance which may be used against him either in argument or in its consideration by the jury, is elementary. See Underhill's Crim. Ev., (3rd Ed.) sec. 45. This principle applies with peculiar emphasis when the absent witness is the wife of the accused. The statute precludes her testifying against the accused, but she may testify in his behalf. It follows, therefore, that in a case disclosing that the wife is in possession of material facts which would corroborate the appellant's testimony and support his defensive theory, the failure to produce her is a potent circumstance against him. In the present case, his defensive theory, supported by his own testimony alone, was one upon which his wife was a most material witness. This was disclosed to the jury, and it was also made evident by the proceedings of the trial that the court regarded her testimony as immaterial and denied the appellant the right to explain her absence by proof of the fact that she was not in a condition to attend the trial. The precedents in this state to the effect that the absence of the wife, who was a material witness as disclosed by the appellant's testimony, is chargeable and usable against him, are emphatic and numerous. See Mercer v. State, 17 Tex. Crim. App. 467; McFadden v. State, 28 Tex. Crim. App. 245; Battles v. State, 53 Tex. Crim. Rep. 208; Bost v. State, 64 Tex. Crim. Rep. 475, and numerous other cases collated by Mr. Branch in his Ann. Tex. P. C., secs. 372 and 373. Many more recent cases might be cited as the subject is one upon which, so far as the writer is aware, there is no conflict of authority.

The fact that the appellant had given testimony as to the condition of his wife at the date of the commission of the alleged offense many months before the trial, is no answer to his claim that he had a right to tell the jury the state of his wife's health *at the time of the trial* as an excuse for his failure to have her present to corroborate his testimony with reference to her previous physical condition.

For the error of the court in excluding the testimony mentioned, a reversal of the judgment is deemed proper. The motion for rehearing is therefore granted, the affirmance is set aside, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*