JOHNNIE WEST v. THE STATE.

No. 11841.    Delivered June 13, 1928.

The opinion states the case.

*E. W. Turner* of Houston for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Appellant and one Ben Willis were jointly indicted for the offense of maintaining a house, building and room as a common nuisance, in that there was unlawfully kept and possessed in same intoxicating liquors for the purpose of sale. A severance was had and appellant was tried alone and his penalty assessed at a term of one year in the penitentiary.

Officers raided the place of business alleged to have been owned and operated by Ben Willis and appellant, and there found a quantity of intoxicating liquors. They operated under a search warrant. Objection was made to the admission of testimony of the result of the search because of the alleged illegality of such warrant. The bills of exception presenting this matter are probably insufficient, but it is not necessary to so hold in view of the disposition we make of the matter.

The testimony shows that the officers had been watching this place for some time; that they saw quite a few people come and go "and they would go inside of the yard where Ben Willis and Johnnie

West were sitting by this icebox. They would drink something out of an ordinary bottle which looked like a beer bottle, which we found to be a beer bottle, and go on. A bunch of white boys came up there, stayed a few minutes; one of them said, 'Wait, let's get another bottle of beer before we go,' * * * I seen them handing this nigger something each time after he would serve them with these bottles. * * * That was just before the arrest was made. They got in the car, after drinking the second bottle, and drove away." This all happened within the view of the officers immediately before the raid and search and we think was sufficient under Art. 212, C. C. P., to justify the officers in arresting the parties without a warrant. Having the right to arrest appellant without a warrant carried with it the right to search the place where the arrest was made "in order to find and seize things connected with the crime as its fruits or as the means by which it was committed." Agnello v. U. S., 269 U. S. 20, 70 L. Ed. 145; Carroll v. U. S., 267 U. S. 132, 69 L. Ed. 543; Hodge v. State, 298 S. W. 573. Since in our opinion the arrest and search was legal, the question of the validity of the search warrant becomes immaterial.

The testimony shows that appellant was frequently seen going to and from this place carrying bundles; that the officers had watched it some three weeks and he seemed to be assisting in its operation. A short time before the search in question he procured a bill of sale to some of the property situated on these premises and had same made in his own name. He claimed this was merely a loan to his co-defendant, Willis, and the bill of sale was in fact a mortgage. This, however, presented a jury question which has been resolved against appellant. The evidence, we think, was sufficient, though perhaps meagerly so, to sustain the State's contention that appellant was jointly interested with Willis in the operation of the place.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.