TOM MASON v. THE STATE.

No. 11876.   Delivered November 28, 1928.
Rehearing denied March 20, 1929.

The opinion states the case.

*Gordon & Gibson* of Laredo, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is transporting intoxicating liquor; the punishment confinement in the penitentiary for one year.

Albert Sidney Martin and Walter E. Evetts were Border Patrol Officers employed by the Immigration Service of the United States government. They were stationed in the city of Laredo. They were authorized to arrest aliens found attempting to illegally enter the United States and to search any vehicle in which they believed aliens were being brought into the United States. They had received information that intoxicating liquor and aliens were being smuggled across the Rio Grande River near Laredo. Pursuant to such information they went to a clandestine crossing on the river and viewed the roads used by automobiles in reaching such crossing. They found a landing place at such crossing and near it grass sacks and hay wrappings from bottles. A few days later they returned to the vicinity of the crossing and concealed their automobile near a gate which entered a lane traveled by those going to the river. Shortly after concealing themselves they saw a car drive to the river. It returned in about forty minutes. In the meantime the officers drove their car to the gate in order that the returning car might be blocked. Upon seeing the officers, the occupants of the car suddenly stopped and one of the occupants jumped out of the car and ran. Evetts pursued him and in a short while brought him back to the car. Martin approached the car with his hand on his pistol. Martin wore an officer's uniform. Appellant was seated in the car with his hands raised above his head. On reaching the side of the car Martin saw some bottles on the seat wrapped in hay. One bottle did not have any wrapping on it. He could see the necks of

all of the bottles. Martin asked appellant what he had in the car and appellant stated to him that he only had four or five quarts. Martin then stated to appellant that if he had no objection he would like to raise the lid at the back end of the car and make a search. Appellant stated, "I will tell you four or five bottles is all I've got." Appellant then gave Martin the key to the back end of the car. Martin raised the lid and found twenty-three bottles and eight five-gallon cans of intoxicating liquor. The bottles contained peach brandy, apricot brandy, cognac, champagne and vermuth. Mason and his companion were then taken to the Border Patrol Office by the officers. In arresting appellant and searching his car, the officers acted without a warrant of any character. Upon a hearing before the United States District Judge of the district embracing Laredo, the evidence touching the result of the search was suppressed on the ground that the authority of the officers in making arrests and searches was limited to cases involving the illegal entry of aliens into the United States. It was admitted by the state that the suppressed evidence was the same evidence upon which the state was seeking a conviction.

Appellant interposed numerous objections to the receipt of the testimony of the officers touching the result of the search. One of the objections urged was that the testimony was inadmissible for the reason that it was obtained in violation of the Constitution and laws of the United States and of Texas. Another objection urged was that the order of the United States District Court suppressing the testimony of the officers was a judgment in rem fixing the status of the acts of said officers in all proceedings brought thereafter involving said acts, and that consequently to refuse to recognize the order of said district court was in effect to deny to a judgment of a court of competent jurisdiction the full faith and credit to which it was entitled under the Constitution and laws of the United States.

We deem it unnecessary to decide whether the officers were authorized as such to arrest and search offenders violating the statutes inhibiting illegal traffic in intoxicating liquors. Martin violated no law in approaching appellant and asking him what he had in his car. Without making a search of the car, Martin saw bottles therein which he believed contained intoxicating liquor. Upon being questioned, appellant advised him that he had four or five quarts of liquor in the car. Up to this time Martin had not arrested appellant, nor had he searched the car. Prior to arresting appellant, Martin was fully appraised by what he had seen and by what appellant had

told him that appellant was committing a felony. Article 212 C. C. P., provides:

"A peace officer or any other person, may, without warrant, arrest an offender when the offense is committed in his presence or within his view, if the offense is one classed as a felony, or as an 'offense against the public peace.'"

The testimony clearly showing that appellant was committing a felony in the presence and view of Martin, he had a right to arrest appellant. The arrest being legal, a search contemporaneous therewith was warranted. Hodge v. State, 298 S. W. 573; Rochelle v. State, 294 S. W. 860.

The action of the United States District Court in suppressing the testimony did not have the effect of precluding the reception of such testimony by the state court. It was merely determined in the Federal Court that there was an infirmity in the legality of the means by which the evidence was secured. The question there decided related to the competency of the evidence. The order suppressing the evidence was only an incident to the main case and not determinative of it. State v. Bass (Supreme Court of Tennessee) 281 S. W. 936, and authorities cited.

We have carefully examined every contention made by appellant and fail to find reversible error.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—In his motion for rehearing and in a forceful and interesting argument, counsel for the appellant discusses two points, namely: First, that the judgment of the United States District Court was in rem and was a final judgment conclusive against the right of the State in this proceeding to re-open the question of the legality of the arrest of the appellant and the search of his automobile. In support of his contention reliance is had upon the principle announced by the Supreme Court of the United States in the case of Gelston v. Hoyt, 3 Wheaton, 246. That case was one involving the admiralty procedure which is cognizable

exclusively in the Federal Court. The decision was rendered in 1816 and apparently turns to a large degree upon the status of the pleading. A discussion of the case in detail is pretermitted for the reason that the interpretation placed upon it by the appellant, if correct, would apparently not be controlling in view of the recent announcements by the Supreme Court of the United States applicable to the enforcement of the National Prohibition Act which is bottomed upon the Eighteenth Amendment to the United States Constitution, which expressly confers the power of enforcement by appropriate legislation upon both the federal and the state governments. See Rhode Island v. Palmer, 252 U. S. 612; Ex parte Gilmore, 88 Tex. Crim. Rep. 529.

In the instant case, the appellant Mason presented to the Judge of the United States District Court a motion praying that the court set aside and hold for naught a certain purported seizure of alleged intoxicating liquor and return to him the evidence seized. The learned judge who tried the case wrote an opinion expressing the views of the court which are out in the statement of facts and beginning with these words:

"This is a motion to suppress evidence obtained by members of the Border Patrol, who are employees of the Bureau of Immigration, and authorized under Section 110, Title 8, U. S. Penal Code, without warrant, (1) to arrest any alien who in his presence or view is entering or attempting to enter the United States in violation of any law or regulation made in pursuance of law regulating the admission of aliens, . . . and (2) to board and search for aliens any vessel within the territorial waters of the United States."

The court concluded that the officers were not peace officers within the general scope of that term but were officers of the United States whose duties were limited to the purposes mentioned above, and that they were without power as such officers to make arrests, searches or seizures for violations of the National Prohibition Law. The court adverted to the rule announced by the Supreme Court of the United States in Carroll v. United States, 267 U. S. 132, that vehicles conveying intoxicating liquor might, without warrant, be searched upon "probable cause," and indicated that if the enforcement of the liquor prohibition laws had been within the scope of the authority of the officers who searched the appellant's car and seized his whisky that the seizure would have been upheld. The invalidity of the seizure was grounded upon other reasons, as is apparent from

the following quotation from the opinion of the Judge of the United States District Court:

"In this case, since the officer could not have searched for liquor, no matter what his grounds of belief were, it is not necessary for me to decide primarily upon, and I turn the case upon the lack of the authority of the officer to make the search for liquor at all. The evidence is suppressed, and if that is all the evidence the Government has, there will be no trial. The Government and the defense can decide about that."

From the opinion it is made plain that the object of the proceeding instituted by the appellant was not alone to recover the liquor but to prevent the use of the evidence obtained through the search upon the criminal trial; that the motion was sustained upon the sole ground that the officers' authority was limited to the search for aliens and did not embrace a right to search for intoxicating liquor. In the recent case of Cogen v. United States, (decided January 2, 1929), Cogen was charged with a conspiracy to violate the National Prohibition Act. Before indictment certain papers were taken from him without a warrant. He sought in the federal court to have the papers returned and to suppress the evidence upon the ground that the search and seizure violated his constitutional rights. Upon the denial of his prayer, he sought to move his case to the United States Supreme Court by way of a writ of certiorari. The writ was granted. (See 277 U. S. 579). Upon final hearing the writ was dismissed. In the course of the opinion recognition is given to the fact that "motions for the return of property, made in connection with a motion to quash a search warrant issued under the National Prohibition Act, may be independent proceedings, but are not necessarily so." The opinion further stated:

"Motions for the return of papers and the suppression of evidence made in the cause in advance of the trial, under this rule of practice, must be differentiated from independent proceedings brought for a similar purpose. Where the proceeding is a plenary one, like the bill in equity in Dowling v. Collins, 10 F. (2d) 62, its independent character is obvious; and the appealability of the decree therein is unaffected by the fact that the purpose of the suit is solely to influence or control the trial of a pending criminal prosecution."

The court, after citation of many precedents, uses in the concluding paragraph the following language:

"Where in cases arising under the National Prohibition Act a defendant seeks to obtain, by motion in advance of trial, return of

property which was not seized under a search warrant, the interlocutory character of the order entered thereon is ordinarily clear. This is true of the order here in question. The motion was not for the return of papers seized under a search warrant. It was filed in the criminal case after the indictment and before trial. It seeks not only return of the papers, but the suppression of all evidence obtained therefrom. And such suppression of evidence appears to be its main, if not its only purpose. The appeal was properly dismissed by the Court of Appeals."

Unless we have misinterpreted the effect of the decision mentioned, the principle and precedents therein cited and the conclusion reached are determinative of the question here raised against the appellant's claim that the order made in the federal court precluded the State in the prosecution for violation of the state law from making proof of the facts attending and leading up to the search of the appellant's car and the information thereby obtained. Note is taken in the original opinion of the fact that knowledge possessed by the federal officers who gave the testimony upon the trial in the state court was such as to authorize the arrest of the appellant under the authority given in Art. 212, C. C. P., 1925, which confers upon a private person the right to arrest the offender without warrant when a felony is committed in view of the person making the arrest. So far as their relation to the State is concerned, the arresting officers were private citizens, and the offense having, according to their testimony, been committed in their presence, it came within the purview of Art. 212, supra.

While the witness Martin was testifying and after he had given testimony in substance as set out in the original opinion, it appears from the statement of facts that "defense counsel stopped the examination and examined the witness on voir dire." The so-called voir dire examination appears in the statement of facts and apparently was a cross-examination of the witness Martin. In the course of it he said:

"I saw some bottles upon the seat . . . at the back on the cushions. I saw the necks of one or two bottles. All the bottles were not visible, so I do not know how many there were. There were one or two bottles there with the necks sticking out. He had a bottle of whisky and a bottle of cognac that did not have any wrapper on it. They were on the seat up on the cushion."

A statute authorizing an arrest where the offense is committed in the presence or within the view is found in the statutes of most of

the states of the Union and has received various interpretations. See Corpus Juris, Vol. 5, p. 418, sec. 47. In the case of Pitts v. State, 97 Tex. Crim. Rep. 643, in passing upon the charge of the court, it was said:

"In substance the court defines same as meaning that the officer could arrest without warrant when he could detect the offender by sight or hearing by reason of what he did or said."

This court remarked that this seemed to be in accord with common sense and with the decisions of other jurisdictions. In the case of Agnello v. United States, 290 Fed. Rep. 671, the question at present under consideration was upheld by the Supreme Court of the United States, in 269 U. S. 145, 70 L. Ed. 10, wherein the observation was made that "it is not necessary, therefore, that the officer should be an eye or an ear witness of every fact and circumstance involved in the charge, or necessary to the commission of the crime." The application of the statute to numerous cases throws light upon the meaning of the words as understood by this court. See Rochelle v. State, 107 Tex. Crim. Rep. 79; Pursewell v. State, 107 Tex. Crim. Rep. 121; Washington v. State, 296 S. W. Rep. 512; Peoples v. State, 107 Tex. Crim. Rep. 261; Hodge v. Smith, 107 Tex. Crim. Rep. 579; Hightower v. State, 108 Tex. Crim. Rep. 602; Hanks v. State, 99 Tex. Crim. Rep. 219; West v. State, 8 S. W. (2d) 119.

Without further analysis, the opinion is expressed that the evidence given by the witnesses for the State is sufficient to justify the arrest of the appellant by a private individual.

The motion for rehearing is overruled.

*Overruled.*