

# THE ATTORNEY GENERAL
# OF TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

AUSTIN 11, TEXAS

April 12, 1951

Hon. H. D. Dodgen
Executive Secretary
Game, Fish & Oyster Commission
Austin, Texas

Opinion No. V-1167

Re: Authority of game wardens
to seize and retain posses-
sion of guns of game viola-
tors pending final disposition
of criminal charges.

Dear Sir:

You have requested the opinion of this office on the fol-
lowing:

(1) The right of a game warden to seize the gun of
a person found violating the game laws and arrested
therefor.

(2) The right of a game warden to hold the seized
gun as evidence to be presented in the defendant's
trial.

(3) The right of a game warden to hold a gun after
trial and pending appeal from conviction.

(4) The responsibility for return of the gun to
defendant, whether the court should order its return
or the game warden should act on his own initiative
in returning the gun.

It becomes necessary at the outset to determine the au-
thority of a "game warden" to make arrests, especially without
warrant, for violating "game laws," since the right or authority
of a "game warden" to seize and hold weapons depends upon his
authority to make arrests. As will be pointed out later in this
opinion, the seizure and holding of guns is an incident to arrest
and prosecution for crime.

# 308

Nowhere do the statutes of Texas in specific terms authorize "game wardens" to make arrests of any kind with or without a warrant. The statutes specifically authorizing arrest without a warrant, or otherwise, by officers of the Game, Fish & Oyster Commission are statutes which were passed and brought forward from the time that department was headed by a single Commissioner who apparently appointed "deputies," and these deputies were given authority along with the Commissioner to make arrests without warrant. See Articles 4018 and 4021, V.C.S., and Articles 905 and 914, V.P.C.

Article 978f, V.P.C., was enacted in 1929 and abolished the office of Game, Fish & Oyster Commissioner and created the present Game, Fish & Oyster Commission, consisting of six members, with the authority, powers, duties, and functions of the former Commissioner, and provided for the delegation to an "executive secretary" of the executive duties of the Commission in enforcing the Game and Fish laws. Section 6 of Article 978f provides, in part, that

"Said executive secretary shall have authority to appoint such heads of divisions and such Game and Fish Wardens and other employees as in his discretion may be deemed necessary to carry out and enforce the laws of this State which it is the duty of said Game, Fish and Oyster Commission to carry out, execute and administer, and to perform all other duties and services authorized and required to be performed by said Game, Fish and Oyster Commission, and shall have the authority, powers, duties and functions heretofore vested in Special Deputy Game, Fish and Oyster Commissioners and other employees of the Game, Fish and Oyster Commissioner." (Emphasis supplied.)

The authority of the Game and Fish Wardens vests from the executive secretary through whom the Commission may perform its duties and is therefore the same authority the Commission has in regard to the right to arrest violators of the game laws of Texas. By virtue of Articles 4018 and 4021, V.C.S., and Articles 905 and 914, V.P.C., the deputies of the Game, Fish and Oyster Commissioner had the same authority as the Commissioner in regard to the right to arrest a violator of the game laws of Texas. Consequently, the authority of the Game and Fish Wardens would

Hon. H. D. Dodgen, V-1167, Page 3.

be the same as the authority of those deputies as given in the four above-cited articles. It follows that Game and Fish Wardens are authorized to arrest without warrant persons found violating any of the Game, Fish and Oyster laws of Texas.

Article 4018, V.C.S., provides:

"The duties of the Commissioner shall be in the execution of the laws relating to game, fish, oyster and marine life, and such further duties as are imposed upon him by legislation. In the execution of these laws he shall exercise the power and authority given to sheriffs. . . . The Commissioner, or any of his deputies, may arrest without warrant anyone found violating any of the fish, game or oyster laws of Texas, and shall have the same right to execute original process as sheriffs." (Cf. Art. 905, V.P.C.)

Under this statute, the game warden has the same powers and duties of arrest in cases of violation of game statutes as the sheriff has in regard to the violation of other penal statutes of the State of Texas.

The right of a law enforcement officer to search for and seize property under a search warrant is regulated by the provisions of Articles 304-332, V.C.C.P. We infer, however, that you are inquiring about the right of a game warden to seize the gun of a violator of the game laws who is arrested without a warrant, and without the issuance of a search warrant. The following rule is stated in Agnello v. United States, 269 U.S. 20, 30 (1925):

"The right without a search warrant contemporaneously to search persons lawfully arrested while committing crime and to search the place where the arrest is made in order to find and seize things connected with the crime as its fruits, or as the means by which it was committed, as well as weapons and other things to effect an escape from custody, is not to be doubted."

This rule has been approved and followed in a number

H. D. Dodgen, V-1167, Page 4.

of Texas cases. West v. State, 110 Tex. Crim. 290, 8 S.W.2d 119 (1928); Reynolds v. State, 106 Tex. Crim. 391, 293 S. W. 178 (1927); Melton v. State, 110 Tex. Crim. 439, 10 S.W.2d 384 (1927). In an annotation in 32 A.L.R. 681, which collates the authorities on this point, the general rule is summarized as follows:

> "The right without a search warrant to search the person of one lawfully arrested, and to seize articles found on him or in his custody, such as weapons, evidences of the crime charged, etc., is well established."

From these authorities, it is seen that a game warden has the right to seize the gun of a person found violating the game laws and arrested therefor if the gun or the defendant's possession of it has an evidentiary bearing on the offense for which the violator is arrested. It should be noted that the right is limited to a search, contemporaneous with the arrest, of the person and of the place where the arrest is made.

If the game warden has obtained lawful custody of the gun, it may be held and used as evidence in the trial of the person arrested. Goodwin v. State, 121 Tex. Crim. 335, 38 S.W.2d 806 (1930). It is stated in Gurski v. State, 93 Tex. Crim. 612, 614, 248 S.W. 353, 355 (1923) that "The officers making the arrest of the appellant . . . had the right to take from his possession any property found thereon and hold it for proper disposition, and the law authorized its use against him in evidence, if relevant, to any issue in the case."

The question of the right to possession of property taken for use as evidence pending trial of the criminal charge has been raised in only a few cases. Decisions which are based on specific statutory provisions are not relevant here. From the decided cases, which have been collected in annotations in 11 A.L.R. 681 and 13 A.L.R. 1168, the conclusion may be drawn that the officer has a right to retain possession of the property until its evidential purpose has been served, unless he is ordered by a court of competent jurisdiction to surrender its custody. Welchek v. State, 93 Tex. Crim. 271, 247 S.W. 524 (1923), involved a seizure of intoxicating liquor, which was regulated by specific statutory provisions, but the following language is applicable to other situations as well:

Hon. H. D. Dodgen, V-1167, Page 5.

"The detection of crime and the punishment of
criminals and the consequent preservation of the
lives, liberty, peace, and property of the law-abiding
part of organized society is one of the most impor-
tant functions of government, and it not infrequently
happens that in the pursuit of this function the rights
of the individual citizen must endure for a season
when there is an apparent conflict between them and
the rights of the general public. One whose property
is stolen or whose house is burglarized or whose
property in other ways which might be instanced be-
comes necessarily a link in a chain of evidence might
find himself forced to leave such property in the cus-
tody of the courts till the rights of the general public
to have present all testimony to develop a criminal
case have been observed,unless he can satisfy the
authorities that he would produce such property in
court when its presence became necessary. It is
not believed that any court upon motion or petition
would deliver to an alleged criminal or those inter-
ested in its removal or destruction personal property
whose presence is deemed necessary to the develop-
ment of a criminal case. . . .

". . . it must always be borne in mind, if there
appear the fact that said property by its physical
appearance upon the trial will aid the court in ar-
riving at a correct conclusion in a criminal case,
that the owner's right to the return thereof should
be held in abeyance until said property has served
the government, the whole people, by its appearance
in testimony." (93 Tex. Crim. at 279, 280, 247 S.W.
at 528.)

Since the gun might again be needed as evidence upon
a retrial of the case where a conviction is set aside on appeal
or motion, its possession may be retained until the case is final-
ly disposed of.

If, pending trial, the prosecuting authorities decide that
it will not be necessary to introduce the gun in evidence on the
trial and have no intention of doing so, they should, of course,
return it to the owner. While some of the cases have spoken of

Hon. H. D. Dodgen, V-1167, Page 6.

property held for evidence as being in the custody of the law, we do not deem it essential that a court order its surrender before it can be returned to the owner before introduction in evidence. In this regard, there is a distinction between property unlawfully in the possession of the defendant, such as stolen or contraband property, and property the possession of which is not in itself unlawful. Where the defendant's possession of the gun was not unlawful, no order of court would be necessary.

In instances where the gun has been seized for reasons other than that of being held and used as evidence, the gun should be returned as soon as the reason for such seizure has dissipated. For example, where the gun is seized merely to prevent escape, it should be returned upon release of the arrested person, under bond or otherwise.

Your third question relates to the right of a game warden to hold a gun after trial and pending appeal from conviction. After property is introduced in evidence, it becomes a part of the official record of the case and can be taken from the custody of the court only with the court's permission, pending final disposition of the case. Since a case in which an appeal has been taken has not been finally disposed of, property which has been introduced in evidence remains within the control of the court during the pendency of an appeal.

In your fourth question you ask whether the game warden should act on his own initiative in returning the gun or whether the court should order its return. From the answers to your previous questions, the following conclusions may be stated:

1. If the gun has not been introduced in evidence, the arresting officer or the prosecuting attorney should return the gun to the owner, on his own initiative or upon demand by the owner, as soon as it is determined that the gun is no longer needed as evidence.

2. If the gun has been introduced in evidence, it cannot be returned to the owner pending final disposition of the case without a court order permitting its return.

3. After the case has been finally disposed of, the

Hon. H. D. Dodgen, V-1167, Page 7.

better practice is to obtain the court's permission for return of property which has been introduced in evidence. United States v. Parker, 166 Fed. 137 (C.C.A. 2d 1908). Permission may be obtained either by the prosecuting authorities (including the arresting officer) or by the owner.

4. Where the gun is not held as evidence, but merely as an incident of an arrest, no court order is necessary, of course, to authorize its return to the owner.

This opinion does not apply to any situation where the gun itself is subject to confiscation or forfeiture.

## SUMMARY

A game warden may seize a gun in the possession of a person found violating the game laws of the State and arrested therefor if the gun has an evidentiary bearing on the offense charged. Where it is determined by the prosecuting officer that the gun has no evidentiary value, it should be returned to the owner. A gun not held as evidence in a game law violation, but as a mere incident of arrest, should be returned upon release of the arrested party. In those cases where the gun is introduced in evidence, it remains in the custody and control of the court pending appeal, and the court's permission must be obtained before it can be returned to the owner.

Yours very truly,

PRICE DANIEL
Attorney General

APPROVED:

Ned McDaniel
State Affairs Division

Jesse P. Luton, Jr.
Reviewing Assistant

Charles D. Mathews
First Assistant

Bradley Bourland

Mary K. Wall

Mary K. Wall
Assistants

BB:mf